Opinion issued March 8, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00164-CV

———————————

Spring Branch Management District, Appellant

V.

Valco
Instruments Company, L.P. and Property Development IV, L.P., Appellees



 



 

On Appeal from the 55th Judicial District Court 

Harris County, Texas



Trial Court Case No. 2009-25178

 



 

MEMORANDUM OPINION

          In
this interlocutory appeal,[1] appellant, Spring Branch
Management District (the “District”), challenges the trial court’s order
denying its summary-judgment motion in which it asserted that the trial court
did not have jurisdiction to consider certain portions of the declaratory
judgment action[2]
and claims for injunctive relief and damages brought against it by appellees,
Valco Instruments Company, L.P. and Property Redevelopment IV, L.P.
(collectively, “Valco”).  In four issues,
the District contends that the trial court erred in denying it summary judgment
on the District’s asserted jurisdictional grounds as Valco had failed “to exhaust
its exclusive statutory remedy to challenge the District’s assessment of the
property,” Valco “lack[s] standing to challenge the location of the District’s
boundaries,” and Valco did not establish that the Texas Legislature has
expressly waived the District’s immunity from suit. 

          We
affirm the order of the trial court.

Background

          The
District is a municipal management district created by the Texas Legislature in
2003.  See Tex. Loc. Gov’t Code
Ann. § 375.022 (Vernon 2005); Act
of June 20, 2003, 78th Leg., R.S., ch. 777, § 1, 2003 Tex. Gen. Laws 2246 (current version at Tex. Spec. Dist. Code Ann. § 3830.002 (Vernon 2011)).  The District
is governed by a thirteen-member board of directors and exists primarily for
the purpose of local public safety, mobility, and economic development.  Tex.
Spec. Dist. Code Ann. §§ 3830.003,
3830.051 (Vernon 2011).  In July 2006,
the board voted to approve a services, improvement, and assessment plan (the
“Plan”), and the District assessed property owners to fund the costs of the
Plan.  

In August 2006, forty-two property
owners filed notices appealing the board’s July 2006 action in which the board
had levied assessments against their properties, and the property owners
requested that their properties be excluded from the District.  The District denied the appeal and the
request.  The forty-two property owners then
filed a motion for rehearing and “threatened” to pursue a timely judicial
appeal of the board’s decisions.  According
to the District, it granted the property owners’ motion for rehearing and
agreed to settle their claims because it was confronted with the prospect of a
judicial contest of its initial assessments. 
Under the settlement agreement, the District approved an order in which the
properties at issue in the 2006 appeals were excluded from the District’s
boundaries.  The District found that this
action was “practicable, just, and desirable.” 


In 2007, Valco filed with the
District a request that its properties be excluded from the District, which the
board denied in May 2007.  Valco then, in
2008, filed suit against the District in a federal district court, which
subsequently dismissed all of Valco’s federal-law claims and declined to
exercise jurisdiction over Valco’s state-law claims.  

In 2009, Valco filed the instant
suit, in which it asserts that it is entitled to:

(1) a declaratory judgment
that the District did not obtain the property owners’ petitions for financing of
a service or improvement project as required by the Special District Local Law
Code and therefore lacks the authority to undertake such a financing;

 

(2) a declaration that the
District arbitrarily denied Valco’s request for exclusion from the District and
violated its rights under the “takings clause” of the Fifth Amendment to the
United States Constitution and Article I, Section 17 of the Texas Constitution
because a governmental entity has no authority to assess a special tax on any
basis other than special benefits;

 

(3) a declaration that the
District arbitrarily granted exclusions to “a select group of commercial
property owners” but denied Valco’s requested exclusion in violation of the
equal protection clauses of the Fifth and Fourteenth Amendments to the United
States Constitution and Article I, Section 3 of the Texas Constitution;

 

(4) a declaration that the
District’s actions violated the Uniformity of Taxation Clause of the Texas
Constitution[[3]];

 

(5) injunctive relief enjoining
the District from enforcing their assessment against Valco;

 

(6) money damages for
violating Valco’s constitutional rights pursuant to 42 U.S.C. § 1983;
and

 

(7) reasonable
and necessary attorney’s fees. 

Subsequently, the District, in its summary-judgment
motion, asserted that the trial court did not have jurisdiction to consider
Valco’s action and, alternatively, the District, in regard to the substance of
Valco’s claims, was entitled to judgment as a matter of law.  Essentially, the District asserted that “[a]ll
but [Valco’s] state law takings claim should be dismissed.”  The trial court, “to the extent, if any, that
[Valco] claim[s] [it was] improperly assessed a tax if they are ultimately
ruled to be a part of the district,” granted the District’s motion.  It also granted the motion “as to the takings
and equal protection claims under the United States Constitution[] and 42 USC
1983.”  The trial court noted that
Valco’s “[s]tate law remedies are available,” denied the District’s
summary-judgment motion on its asserted jurisdictional grounds, and, finding
that material issues of fact precluded summary judgment on Valco’s state-law
claims, denied the District’s motion on its asserted substantive grounds. 

Standard of Review

To prevail on a summary-judgment
motion, a movant has the burden of proving that it is entitled to judgment as a
matter of law and there are no genuine issues of material fact.  Tex.
R. Civ. P. 166a(c); Cathey v.
Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
When a defendant moves for summary judgment, it must either (1) disprove
at least one element of the plaintiff’s cause of action or (2) plead and
conclusively establish each essential element of its affirmative defense,
thereby defeating the plaintiff’s cause of action.  Cathey,
900 S.W.2d at 341.  In deciding whether there is a disputed
material fact issue precluding summary judgment, proof favorable to the
non-movant is taken as true, and the court must indulge every reasonable
inference and resolve any doubts in favor of the non-movant.  Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson
v. B Four Corp., 888 S.W.2d
31, 33–34 (Tex. App.—Houston [1st Dist.] 1994, writ denied).  

The absence of subject-matter jurisdiction may be raised by a
plea to the jurisdiction, as
well as by other procedural vehicles, such as a summary-judgment motion.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  In reviewing a challenge to a court’s subject-matter
jurisdiction, the court may review the pleadings and any other evidence
relevant to the subject-matter jurisdiction issue.  Id.  Because subject-matter jurisdiction presents
a question of law, we review the trial court’s decision de novo.  Kalyanaram v. Univ. of Tex. Sys., 230 S.W.3d 921, 927 (Tex. 2007);
Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). 

Exhaustion of Administrative Remedies

          In
its first issue, the District argues that the trial court erred in denying it
summary judgment on the ground that the trial court did not have jurisdiction
to consider Valco’s action because Valco had failed to invoke and “exhaust its
exclusive statutory remedy to challenge the District’s assessment on its
property.”

“Texas law recognizes
no right to judicial review of an administrative order unless (1) a statute
provides the right, (2) the order adversely affects a vested property right, or
(3) the order otherwise violates some constitutional right.” Gen. Servs.
Comm’n v. Little–Tex Insulation Co., 39 S.W.3d 591, 599 (Tex. 2001); Dotson
v. Grand Prairie Indep. Sch. Dist., 161 S.W.3d 289, 291–92 (Tex. App.—Dallas 2005, no pet.) (stating that exhaustion
of administrative remedies is not necessary if claim is for violation of
constitutional or federal statutory right). 


Municipal management districts are
considered political subdivisions of the state. 
Tex. Loc. Gov’t Code Ann.
§ 375.004 (Vernon 2005).  The purpose of such
districts is to “promote, develop, encourage, and maintain employment,
commerce, economic development, and the public welfare in the commercial areas
of municipalities and metropolitan areas” of Texas.  Id.
§ 375.001(b) (Vernon 2005).  The districts
are empowered to levy and collect special assessments on property to pay for
all or part of the costs of its projects and services.  Id. §
375.111 (Vernon 2005).

          After
the determination of an assessment, a property owner may appeal the assessment
to the municipal management district’s board of directors by filing a notice of
appeal not later than the 30th day after the date the assessment is
adopted.  Id. § 375.123(a) (Vernon 2005). 
A property owner may then appeal the board’s decision by filing a notice
of appeal in a court of competent jurisdiction within 30 days of the board’s
final decision.  Id. § 375.123(b).  However, a property owner may file a written
petition with the board requesting exclusion from a district at any time before
the district’s issuance of bonds.  Act of
Aug. 26, 1991, 72nd Leg., ch. 16, § 13.05(a), 1991 Tex. Gen. Laws 351 (amended 2011) (current version at Tex. Loc. Gov’t Code Ann. § 375.044(b) (Vernon Supp. 2011)).[4]  

          When
a governmental agency has exclusive jurisdiction over a matter, an aggrieved
party, prior to resorting to the courts for redress, must first exhaust
administrative remedies at the agency level. 
Caspary v. Corpus Christi Downtown
Mgmt. Dist., 942. S.W.2d 223, 226 (Tex. App.—Corpus Christi 1997, writ
denied).  Judicial review of an
administrative decision requires compliance with all statutory
prerequisites.  Id.; Tex. Water Comm’n v.
Dellana, 849 S.W.2d 808, 810 (Tex.
1993).  The exhaustion doctrine applies
notwithstanding an aggrieved party’s allegations that the agency exceeded the
scope of its authority or failed to follow statutory procedures.  Caspary,
942 S.W.2d at 226 (holding that trial court did not err in granting district’s
plea to jurisdiction because property owners failed to comply with statute).  

Valco argues that because a request
for exclusion under section 375.044 is “separate and independent” from an
appeal of an assessment under section 375.123, it was not required to exhaust
its administrative remedies by appealing its assessment under section
375.123.  Valco asserts that it “did not
seek to appeal the assessment under section 375.123, but rather sought an
exclusion from the [D]istrict pursuant to section 375.044(b), which may be
raised at any time ‘before the issuance of bonds.’”

          The
District argues that “Valco’s requests to: (i) void the District’s special
assessments on its property; (ii) enjoin the collection of any such future
assessments; and (iii) recover as damages, the assessments it has paid in the
past — are foreclosed because
Valco did not ‘satisf[y] the statutory requirement of exhaustion of
administrative remedies prior to suit in the district court.’”  It asserts that Valco’s challenge to the
imposition of the District’s special assessments is foreclosed due to Valco’s
failure to exhaust the available statutory remedies and the “exhaustion
principle applies here, notwithstanding Valco’s creative effort to camouflage
the actual substance of its claim for relief.” 
The District further asserts that if a property owner “wants to complain
about the imposition of the District’s assessment on its property, section 375.123
requires that all such objections be made within thirty days of the
assessment.”  It notes that a party is
“not allowed to ‘circumvent a governmental unit’s immunity from suit by
characterizing’ their claims in a manner designed ‘to avoid the requirement of
legislative consent to suit.’”  See City of Houston v. Chemam, No.
01-08-01005-CV, 2010 WL 143476, at *8 (Tex. App.—Houston [1st Dist.] Jan. 14,
2010, no. pet.) (mem. op).   

          Texas
Local Government Code section 375.123, entitled “Appeal,” under Subsection F,
entitled “Assessments,” provides:

(a) After determination of
an assessment, a property owner may appeal the assessment to the board.  The property owner must file a notice of
appeal with the board not later than the 30th day after the date that the
assessment is adopted.  The board shall
set a date to hear the appeal.

 

(b) The property owner may
appeal the board’s decision on the assessment to a court of competent
jurisdiction.  The property owner must
file notice of the appeal with the court of competent jurisdiction not later
than that 30th day after the date of the board’s final decision with respect to
the assessment.  

 

(c) Failure to file either
of the notices in the time required by this section results in a loss of the
right to appeal the assessment.  


Tex. Loc. Gov’t Code Ann. § 375.123
(Vernon 2005).

 

At the time of Valco’s request, Texas
Local Government Code section 375.044, entitled “Excluding Territory,” under
Subsection C, entitled “Boundaries,” provided: 

(a) At any time during which a district does not
have outstanding bonds, the board on its own motion may call a hearing on the
question of the exclusion of land from the district in the manner provided by
Chapter 54, Water Code, if the exclusions are practicable, just, or
desirable.  

 

(b) The board shall
call a hearing on the exclusion of land or other property from the district
if a landowner or property owner in the
district files with the secretary of the board a written petition
requesting the hearing before the
issuance of bonds.  

 

(Emphasis added.) 
Act of Aug. 26, 1991, 72nd Leg., ch. 16, § 13.05(a), 1991 Tex. Gen. Laws 351.

The District correctly observes that appellate review of “assessments” is
triggered by the timely filing of a notice of appeal by an aggrieved property
owner with the board of directors of a municipal management district.  See Caspary,
942 S.W.2d at 226.  In Caspary, property owners objected to a
proposed assessment scheme at a district’s hearing, but did not receive notice
that their objections had been overruled. 
Id.  Some time later, outside of the “opportunistic
window for seeking an administrative appeal,” the property owners received
their tax bill, and they brought suit in a district court to challenge the
validity of the assessment.  Id at 224.  The court of appeals held that
because the property owners had failed to exhaust their remedies, the trial court
did not err in granting the district’s plea to the jurisdiction.  Id. at
227. 


Here, Valco did not file an appeal pursuant to section 375.123 in regard
to an assessment.  Rather, it sought an
exclusion from the District under section 375.044(b), which is silent on the
question of appeal or judicial review. 
Accordingly, Valco is entitled to judicial review of the District’s
denial of its exclusion only if it alleged that the board’s action violated a
constitutional right.  See Houston Mun. Employees Pension Sys. v. Ferrell, 248 S.W.3d 151, 158 (Tex. 2007) (quoting City of
Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, 790 (1951)) (stating that “when
an act is either silent on the question of appeal or expressly denies a right
to appeal, a party may appeal only ‘where the administrative action complained
of violates a constitutional provision’”).  

In the instant suit, Valco alleges that the District’s action in denying
its request for exclusion from the District resulted in an unconstitutional
taking of its property, a denial of the right to the equal protection of law,
and a denial of the right to uniformity of taxation.  See
Tex. Const. art. I, § 17; Tex. Const. art. I, § 3; Tex. Const. art. VIII, § 1. In its
challenge to the board’s decision to deny its request for an exclusion from the
District, Valco is seeking not a review of the District’s assessments under
section 375.123 but a declaration that the District has violated its rights
under the Texas Constitution. 
Accordingly, we hold that the trial court did not err in denying the
District’s summary-judgment motion on the ground that Valco had failed to
exhaust its administrative remedies.  See Ferrell, 248 S.W.3d at 158.

          We overrule the District’s first
issue.  

 

Standing

          In
its second issue, the District argues that the trial court erred in denying it
summary judgment because Valco “lacks standing to challenge the location of the
District’s boundaries” as the issue presents “a non-justiciable political
question.”  The District asserts that
“Valco’s petition is based in part on a faulty premise— namely, that it had a constitutional right to
be excluded from the District if it could establish that it would not benefit
from the improvements planned.”  It also
asserts that section 375.044 does not expressly waive governmental
immunity.  

The District specifically argues
that because it was created by the Texas Legislature and its territory defined
by statute, Valco had no constitutional right to a hearing on an exclusion
request based upon any objection about the lack of benefits that Valco would
derive from the District.  In support of
this argument, the District relies on Davidson
v. Upton County Water Dist., 624 S.W.2d 927 (Tex. App.—El Paso 1981, writ
ref’d n.r.e.).  In Davidson, property owners sought a hearing on exclusion from a water
district based on the statutory language creating the water district.  Id. at
929. 
The statue provided, in pertinent part, that “no territory shall be
detached from the [water] district after the issuance of bonds.”  Id. at
930.  The court noted that the
legislature had fixed and determined the boundaries of the water district and
had determined and found that all land included within the boundaries would benefit
from the water district’s projects.  Id. at 931.  The court also noted that the water district
was created to serve a public use and benefit and no specific provision was
made for any benefit hearing as to whether or not property should be excluded
from the water district by reason of the fact that it may or may not have
benefited specially or directly.  Id. 
However, unlike the statute in Davidson,
here, the statute specifically provides property owners the right to a hearing
on the exclusion of property at any time “before the issuance of bonds.”  See Tex. Loc. Gov’t Code Ann. § 375.044(b).

The District asserts that the
question of benefits to be received by property owners in a municipal
management district is “purely a political one and the [l]egislature had the
power to include in the District lands which will derive no direct benefit from
the project.”  It argues that because legislative
“determinations about the location of a political subdivision’s boundaries” are
non-justiciable political questions, “Valco lacks standing to challenge the
District’s refusal to alter its boundaries.”

Valco responds that the question of whether to create the
District was political, but its “inclusion/exclusion [in the District] is not a
political question and is subject to review.” 
It asserts that the District excluded a select group of property owners
from the District in violation of Valco’s equal-protection rights and the
exclusions were not based on physical boundaries.  

A trial court lacks jurisdiction to
address purely political questions because they are not justiciable.  Carter
v. Hamlin Hosp. Dist., 538 S.W.2d 671, 673 (Tex. App.—Eastland 1976, writ
ref’d n.r.e.).  The determination of the boundaries of
a political subdivision of the state presents a “political question” solely
within the power, prerogative, and discretion of the legislature and not
subject to judicial review.  State ex
rel. Grimes County Taxpayers Ass’n v. Tex. Mun. Power Agency, 565 S.W.2d
258, 274 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ dism’d); Jimenez v. Hidalgo County Water Improvement
Dist. No. 2, 68 F.R.D. 668 (S.D. Tex. 1975), aff’d, 424 U.S. 950, 96 S. Ct. 1423, 1447 (1976).  There is no constitutional requirement that
the boundaries of a political subdivision of this State must include all areas
in which the subdivision may have operations.  Tex.
Mun. Power Agency, 565 S.W.2d at 274. 
In the absence of a constitutional limitation, it is within the power of
the legislature to determine in what areas, either within or without its
boundaries, the political subdivision may conduct its operations.  Id. at
273–74. (citing San Jacinto River
Conservation and Reclamation Dist. v. Sellers, 143 Tex. 328, 184 S.W.2d 920
(1945); Lower Nueces River Water Supply
Dist. v. Cartwright, 274 S.W.2d 199 (Tex. Civ. App.—San Antonio 1954, writ
ref’d n.r.e.); City of New Braunfels v.
City of San Antonio, 212 S.W.2d 817 (Tex. Civ. App.—Austin 1948, writ ref’d
n.r.e.)).

It is true, as asserted by the District, that the creation
of a political subdivision and the determination of its boundaries present a
political question solely within the discretion of the legislature.  However, the issue presented here is not the
creation of the District or the determination of its boundaries by the
legislature.  Rather, the issue presented
concerns the inclusion or exclusion of Valco’s properties from the District by
the board of directors, which is not based on boundaries set by the legislature.  See
Tex. Loc. Gov’t Code Ann. §
375.044(b).  Because the issue at hand
concerns the alleged unconstitutional actions of the District, and not the
legislature’s determination of territorial boundaries, we conclude that Valco
is not presenting a non-justiciable political question.  Accordingly, we hold that the trial court did
not err in denying the District’s summary-judgment motion on the ground that
Valco lacked standing. 

We overrule the District’s second issue.  

Waiver of Governmental Immunity

          In
its third issue, the District argues that the trial court erred in not granting
it summary judgment on Valco’s request for a declaration that the District’s
actions constituted a violation of article VIII, section 1 of the Texas
Constitution because Valco did not establish the existence of an express waiver
of the District’s governmental immunity from such a suit.  In its fourth issue, the District argues that
the trial court erred in not granting it summary judgment on Valco’s request
for a declaration that the District’s actions resulted in a violation of the
equal protection of the laws under Article I, Section 3 of the Texas
Constitution because Valco did not establish the existence of an express waiver
of the District’s governmental immunity from such a suit.

Governmental immunity protects political
subdivisions of the state from lawsuits for money damages, unless such immunity
has been waived.[5]  Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006). Governmental
immunity, like sovereign immunity, involves immunity from suit and immunity
from liability.  Harris County Hosp. Dist. v. Tomball Reg’l Hosp., 283 S.W.3d 838, 842 (Tex. 2009); Mission Consol. Indep. Sch. Dist. v. Garcia,
253 S.W.3d 653, 655 n.2 (Tex. 2008) (explaining that “both types of immunity
afford the same degree of protection”).  Immunity
from suit is jurisdictional and bars suit, whereas immunity from liability is
not jurisdictional and protects from judgments. 
Harris County Hosp. Dist., 283
S.W.3d at 842.  A plaintiff bears the burden to affirmatively
demonstrate a trial court’s jurisdiction by alleging a valid waiver of
immunity, which may be either a reference to a statute or to express
legislative permission.  Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Governmental immunity is waived only by clear and unambiguous
language indicating the legislature’s intent do so.  Kirby
Lake Dev., Ltd. v. Clear Lake City Water Auth., 320 S.W.3d 829, 838 (Tex. 2010);
Harris County Hosp. Dist., 283 S.W.3d
at 842.  

A municipal management district is
a governmental agency and political subdivision of the state.  Tex.
Local Gov’t Code Ann. § 375.004(a). 
Such a district is a unit of government for purposes of Chapter 101 of
the Texas Civil Practice and Remedies Code, [6] and the operations of such
a district are considered to be essential governmental functions and not
proprietary functions for all purposes.  Id. § 375.004(b).  Because the District is a political
subdivision of the state, it is entitled to governmental immunity.  Accordingly, we must determine whether the
claims raised in Valco’s petition are ones for which governmental immunity has
been waived.  See Tex. Dep’t of Criminal Justice v. Miller, 51 S.W.3d 583, 587
(Tex. 2001).  

Certain provisions of
the Texas Constitution are self-enacting, and thus provide the right to bring
an action against the government for violations of the provisions without the
need for legislative consent.  Steele v. City of
Houston, 603 S.W.2d 786, 791 (Tex. 1980).
 However, suits brought pursuant to
constitutional provisions are limited to equitable relief and do not allow a
claim for monetary damages except to the extent specifically enunciated in the
constitutional provision.  City of
Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex. 1995) (determining that no
private right for damages was permitted for violations of state constitutional
rights and vacating jury award of damages); Frasier v. Yanes, 9 S.W.3d
422, 427 (Tex. App.—Austin 1999, no pet.) (recognizing “narrow exception” to bar
of money awards for constitutional violations in suit for equitable relief to
enforce right to compensation specifically set forth in constitution); O’Bryant
v. City of Midland, 949 S.W.2d 406, 414 (Tex. App.—Austin 1997) (
op. on reh’g), aff’d in part and rev’d in part on other grounds, 18 S.W.3d 209 (Tex. 2000) (holding that
state constitution did not authorize action for award of money, specifically
award of back pay, for violation of state constitutional rights).  

Governmental immunity
bars suits for retrospective monetary relief, and private parties cannot
circumvent a governmental entity’s immunity from suit by characterizing a suit
for monetary damages as a declaratory judgment claim.  Gatesco
Q.M. Ltd. v. City of Houston, 333 S.W.3d 338, 348 (Tex. App.—Houston [14th
Dist.] 2010, no pet.).  Therefore, if a
litigant sues a governmental entity and seeks an otherwise proper declaratory
judgment construing or invalidating a statute, this claim is nonetheless barred
by governmental immunity if the declaration sought would have the effect of
establishing a right to relief against the governmental entity for which
governmental immunity has not been waived.  See City of Houston v. Williams, 216 S.W.3d 827, 828–29 (Tex. 2007); Gatesco, 333 S.W.3d at 372; State v. BP Am.
Prod. Co., 290 S.W.3d 345, 360 (Tex. App.—Austin 2009, pet. denied).  

The District, in its
brief, asserts that Valco seeks to recover monetary damages from the
District.  Here, Valco seeks certain declarations and injunctive relief based on the
District’s alleged constitutional violations. 
It had also, based on federal law, requested money damages based on the
District’s alleged violations.  See 42 U.S.C. § 1983.  However, the trial court granted the District
summary judgment on Valco’s claim for money damages, and Valco has not appealed
that ruling.  Thus, Valco is no longer
seeking to recover monetary damages from the District, and it is entitled to
seek declaratory and injunctive relief for violations of the Texas Constitution.  See
Bouillion, 896 S.W.2d at 149 (stating that “suits for equitable remedies
for violations of constitutional rights are not prohibited”); De Leon v. City of El Paso, 353 S.W.3d
285, 290–91 (Tex. App.—El Paso 2011, no pet.) (holding that city was not immune
from equal protection claim for “declaratory and injunctive relief” because
“governmental immunity does not bar suits for equitable relief for violations
of the Texas Constitution”); Bohannon v.
Texas Bd. of Criminal Justice, 942 S.W.2d 113, 118 (Tex. App.—Austin 1997,
writ denied) (“Although there is no cause of action for damages, a plaintiff
whose constitutional rights have been violated may sue for equitable relief.”).    Accordingly,
we hold that the trial court did not err in denying the District’s
summary-judgment motion on the ground that Valco did not establish the
existence of an express waiver of governmental immunity regarding Valco’s
request for a declaration that the defendant’s actions constituted a denial of
Valco’s rights, privileges, or immunities secured by the Texas Constitution’s
equal protection clause and uniformity of taxation clause.

We overrule the District’s third and fourth issues.

The District further argues that Valco did not establish the existence of
an express waiver of governmental immunity because “[t]he uniformity of
taxation provision does not apply to assessments” and Valco’s equal protection
claims 
“fail as a matter of law” because “it is not ‘similarly-situated’ to any other
landowner whose property has been excluded” and “it did not establish the
absence of any conceivably rational basis for the District’s denial of its
exclusion request.”  We do not have
jurisdiction to address the trial court’s denial of the District’s summary
judgment motion on either of these merits-based grounds.

A party may appeal an interlocutory order that grants or denies a plea to
the jurisdiction by a governmental unit. 
Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (Vernon Supp. 2011). 
 Although the District did not
file a plea to the jurisdiction, the Texas Supreme Court has held that section
51.014(a)(8) provides for “an interlocutory appeal when a trial court denies a
governmental unit’s challenge to subject matter jurisdiction, irrespective of
the procedural vehicle used.”  Thomas v. Long, 207 S.W.3d 334, 339
(Tex. 2006).  However, when appealing
from an interlocutory order pursuant to section 51.014(a)(8), “the appellate
court does not look to the merits of the case, but considers only the pleadings
and evidence relevant to the jurisdictional inquiry.”  Harris
County v. Luna-Prudencio, 294 S.W.3d 690, 695–96 (Tex. App.—Houston [14th
Dist.] 2009, no pet.); Univ. of Tex. Med.
Branch at Galveston v. Brisco, No. 01-09-00064-CV, 2009 WL 3152192, at *2
(Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.).

          In
its summary-judgment motion, the District, under a section entitled,
“Dismissals on the Merits,” argued that Valco’s equal protection claims fail “as
a matter of law” because it is not “similarly-situated” to the excluded landowners
and it “cannot establish the absence of any conceivably rational basis” for
different treatment.  The District also
argues that Valco’s complaint regarding the uniformity of taxation clause fails
as a matter of law because the clause does not apply to special assessments.  The District did not implicate the trial
court’s subject-matter jurisdiction or assert that Valco’s claims were facially
invalid, thus depriving the trial court of jurisdiction.  Rather, it made factual arguments, and the
trial court, in its order denying the District summary judgment, stated “[a]s
for those grounds which the movant has designated as summary judgment on the
merits, the Court rules that material issues of fact exist which prevent
granting portions of the Motion.”  

Because our review is
limited to the “pleadings and evidence relevant to the jurisdictional inquiry,”
we hold that this Court lacks jurisdiction to address the factual arguments the
District designated as “on the merits.”  See Luna-Prudencio, 294 S.W.3d at 695–96.  Accordingly, we do not address the District’s
merits-based arguments.

Conclusion

          We
affirm the trial court’s order denying the District’s summary-judgment motion.     

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.











[1]           See
Tex. Civ. Prac. & Rem. Code Ann
§ 51.014(a)(8) (Vernon Supp. 2011).  

 





[2]           See
id. § 37.004(a) (Vernon 2005). 





[3]           See
Tex. Const. art. VIII, § 1.





[4]
          During the pendency of this
suit, and after the parties had submitted their briefs, the Texas Legislature
amended section 375.044(b) so that “a signed petition evidencing the consent of
the owners of a majority of the acreage in the district” is required for the
board to call a hearing on the exclusion of land.  See
Tex. Loc. Gov’t Code Ann. § 375.044(b) (Vernon
Supp. 2011).  Thus, any reference by the
parties to section 375.044 refers to the pre-amendment text, which allows any property owner to file such a request for
exclusion before the issuance of bonds.  See Act of Aug. 26, 1991, 72nd Leg., ch. 16, § 13.05(a), 1991 Tex. Gen. Laws 351.





[5]
          Although the terms sovereign
immunity and governmental immunity are often used interchangeably, sovereign
immunity “extends to various divisions of state government, including agencies,
boards, hospitals, and universities,” while governmental immunity “protects
political subdivisions of the State, including counties, cities, and school
districts.”  See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political
Subdivisions Property/Casualty Joint Self-Insurance Fund, 212 S.W.3d 320,
324 (Tex. 2006).





[6]           See
Tex. Civ. Prac. & Rem. Code Ann.
§ 101(3)(A) (Vernon
2011).