## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40443

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2018

Lyle W. Cayce
Clerk

LANDRY ROUNTREE,

> Plaintiff–Appellant,

versus

TROY DYSON; CITY OF BEAUMONT,

> Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

Before SMITH, WIENER, and WILLETT, Circuit Judges.

JERRY E. SMITH, Circuit Judge.

Landry Rountree appeals the dismissal of his 42 U.S.C § 1983 and related state-law claims against the City of Beaumont and Beaumont Police Sergeant Troy Dyson.  We affirm the judgment of dismissal.

I.

Rountree owns a towing business and, for thirty years, participated in Beaumont's non-consent tow rotation.  For an accident that disables a car, the

responding police officer calls a company on the rotation list to clear the wreck. While Rountree was on the list, non-consent tows for the Beaumont Police Department made up roughly two-thirds of his annual income.

In December 2013, Beaumont Police Chief James Singletary revoked Rountree's city-issued towing permit. The revocation was ostensibly based on a complaint by a competing tow company, which asserted—truthfully—that three of Rountree's state-issued licenses had lapsed. But Rountree alleges that Singletary, through one of his officers, persuaded the competitor to lodge the complaint. In response to the complaint, Singletary sent Rountree a suspension letter and revoked his permit for two years. Rountree unsuccessfully appealed the suspension to the City Council and Mayor.

Although Rountree's complaint is less than clear on the point, he conceded, in his briefing before the district court, that a city permit is not required for all towing in Beaumont. Rather, "a permit is only required for certain tow jobs where police require the tow." In other words, the permit is part of the city's process for choosing which vendors it hires to tow wrecked cars.

In March 2014, one of Rountree's customers called him to an accident. Because his permit remained suspended, Rountree could not tow the customer's vehicle. Instead of towing the wreck himself, Rountree called a permitted tow truck to assist. While Rountree was on the scene, Dyson arrived and ordered Rountree to leave. When Rountree refused, Dyson arrested him for violating a city ordinance that forbids a tow driver from stopping within one thousand feet of an accident without a valid tow-truck permit. The charge was eventually dismissed.

In January 2016, Rountree sued the city and Dyson in state court under § 1983 and related state law. The defendants removed. Following a round of motions to dismiss, the magistrate judge, acting as the district court by consent

No. 17-40443

under 28 U.S.C. § 636(c), dismissed all of Rountree's claims in a thorough opinion. This appeal followed.

## II.

Rountree contends that the district court erred in dismissing his claims against the city. He describes the dismissal as "*sua sponte*" because, although the city moved to dismiss and Rountree responded on the merits, Rountree amended his complaint while the city's motion was pending. That amendment, to Rountree, "nullified" the pending motion to dismiss. Therefore the court could not have done what it claimed to do—dismiss Rountree's claims on motion by the city—and must have acted *sua sponte*.

Rountree is mistaken. As explained in a treatise, and reiterated by several district courts in this circuit, "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending."[1] Rather, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."[2] Accordingly, the court acted within its discretion when it considered the city's motion before dismissing the amended complaint.

Rountree's second theory is that the court should not have dismissed Rountree's class-of-one equal protection claim for suspension of his permit.[3]

_____

[1] 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1476 (3d ed. updated Apr. 2018).

[2] *Id.*; *see also Mire v. Bd. of Supervisors of La. State Univ.*, No. 15-6965, 2016 WL 4761561, at *2 (E.D. La. Sept. 13, 2016); *Davis v. Dallas Cty.*, 541 F. Supp. 2d 844, 848 (N.D. Tex. 2008).

[3] In recounting the facts underpinning this dispute, Rountree asserts that, in addition to the suspension, he was assessed fines, and he suggests that the city has failed to fine other tow companies for similar violations. But his legal argument focuses exclusively on the length of his suspension, and any contention concerning the fines is therefore forfeited. Even

3

No. 17-40443

As noted, a city permit is not required for general, private tows; a permit is merely required to be on the city's non-consent tow list. Class-of-one claims are inapposite "to a local government's discretionary decision to include or not include a company on a non-consent tow list." *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 586 (5th Cir. 2016) (quotation marks omitted).

Though *Integrity* did not directly address the decision to *revoke* a tow driver's non-consent towing permit (thereby removing him from the list), its reasoning extends here. "[A] class-of-one equal-protection claim is unavailable in a public employment context," and "[t]hat conclusion logically applies as well to a local government's discretionary decision to include or not include a company on a non-consent tow list."[4] It "would be incompatible with the discretion inherent in the challenged action" to "allow[] equal protection claims on such grounds."[5]

Employment decisions "involve discretionary decisionmaking based on a vast array of subjective, individualized assessments,"[6] so "a city's decision to purchase services from private companies for its non-consent tows" can include "factors that are not reasonably measurable, such as reputation, personal experience, and the particularities of how the city wishes to operate its non-consent tow program."[7] And, it would be incompatible to allow an equal protection

---

if Rountree had adequately briefed an equal protection challenge to the fines, the district court correctly concluded that the claim fails. *See Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 604 (2008) ("[A]llowing an equal protection claim on the ground that a ticket was given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action.").

[4] *Integrity*, 837 F.3d at 586 (quotation marks omitted). "A city is a consumer of towing companies' services when it contracts for non-consent tows." *Id.* at 587 n.3.

[5] *Id.* at 586 (quotation marks omitted).

[6] *Id.* at 587 (quoting *Engquist*, 553 U.S. at 603).

[7] *Id.*

claim on the ground that one person received a discretionary punishment and another did not,[8] "even if for no discernable or articulable reason." *Engquist*, 553 U.S. at 604 (employing a hypothetical about the issuance of speeding tickets).[9] It thus makes sense to extend *Integrity* here. If a city has the discretion to choose from whom it contracts private services, then it must equally retain the discretion to choose when to terminate such relationship.

Alternatively, Rountree's equal-protection claim fails because he did not sufficiently allege that he has been treated differently from others similarly situated.[10] His complaint generally alleges that other similarly situated individuals were treated differently, but he points to no specific person or persons and provides no specifics as to their violations.[11] Though we take factual

---

[8] Beaumont vests the chief of police with the "sole discretion" to determine whether a substantial violation occurred. BEAUMONT, TEX., ORD. § 6.08.005(b).

[9] Of course, an allegation "bas[ed] o[n] race or sex would state an equal protection claim, because such discriminatory classifications implicate basic equal protection concerns." *Engquist*, 553 U.S. at 604; *accord Integrity*, 837 F.3d at 588 n.5. Nothing here should be read to suggest otherwise.

[10] A class-of-one equal-protection claim requires the plaintiff "show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

[11] Rountree generally purports that "when other companies had similar violations, nothing was done to address them." Rountree notes that Gregory Stanley, who filed the complaint against Rountree, let his storage lot license lapse and was not suspended. Stanley, however, is not an apt comparator, both because he had only one license lapse (not multiple like Rountree) and because he had no complaint filed against him. The police department is only required to investigate "complaints arising from reported violations." BEAUMONT, TEX., ORD. § 6.08.005(a). Thus, Rountree needed to point to other tow-truck operators who had license lapses *and* had complaints filed. *See Lindquist*, 669 F.3d at 234–35 (rejecting as equal comparators persons who were not implicated by the relevant ordinance); *Beeler v. Rounsavall*, 328 F.3d 813, 816–817 (5th Cir. 2003) (rejecting as an equal comparator someone who applied to *renew* permits where the plaintiff had applied for a *new* permit).

Additionally, Rountree was cited for a fourth violation wherein he "refused to allow Officer[s] . . . to inspect records of vehicles towed at" his facility in compliance with Section 6.08.006(b)(3) of the City Ordinances. Rountree does not contend that any other driver had this additional violation of refusing to permit inspections as required by law. That additional

allegations as true at the Federal Rule of Civil Procedure 12(b)(6) stage, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An allegation that others are treated differently, without more, is merely a legal conclusion that we are not required to credit.[12] Rountree's equal protection claim fails.

Finally, Rountree challenges the dismissal of his false-arrest claim against Dyson, who is "entitled to qualified immunity unless there was no actual probable cause for the arrest" and he was "objectively unreasonable in believing there was probable cause for the arrest." *Davidson v. City of Stafford*, 848 F.3d 384, 391 (5th Cir. 2017). Crucially, "[t]his probable cause may be for any crime and is not limited to the crime that the officers subjectively considered at the time they perform an arrest." *Id.* at 392.

Dyson cites Beaumont City Ordinance Section 6.08.006(a)(1), which provides, "All tow truck operators shall . . . [o]bey all lawful orders given by any police officer and not in any manner interfere with any police officer in the performance of his/her duty." Violating that is a misdemeanor. *See* BEAUMONT, TEX. ORD. § 6.08.007(a). Rountree admits in his complaint that Dyson ordered him "to move his tow truck and leave the scene," but Rountree "declined to follow the sergeant's direction to leave the scene." In his briefing, Rountree does not discuss Section 6.08.006(a)(1) or make any argument that Dyson would have been objectively unreasonable in believing his order to be lawful. Accordingly, because Rountree did not obey Dyson's apparently lawful

---

violation could rationally account for any perceived disparities in treatment.

[12] *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.") (internal quotation marks omitted); *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

No. 17-40443

order, Dyson was not objectively unreasonable in believing that he had probable cause to arrest.  Rountree's false-arrest claim fails.[13]

The judgment of dismissal is AFFIRMED.

---

[13] *See Payne v. City of Olive Branch*, 130 F. App'x 656, 662 (5th Cir. 2005) (per curiam) (dismissing unreasonable-search-and-seizure claim where officer reasonably could have believed that suspect failed to obey a police order).