ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/28/2025 10:23 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00095-CV

In the Court of Appeals
Fifteenth District of Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/28/2025 10:23:29 PM
CHRISTOPHER A. PRINE
Clerk

Edward Randolph Turnbull, IV                    Appellant

v.

Commission for Lawyer Discipline, et al.                    Appellees

Appeal from the 201st Judicial District Court, Travis County, Texas
Hons. Karin Crump and Maya Guerra Gamble, Judges
Cause No. D-1-GN-24-002025

# BRIEF OF APPELLEE JENNY HODGKINS

Daniel J. Olds
Texas Bar No. 24088152
dolds@clarkhill.com

Jadd F. Masso
Texas Bar No. 24041411
jmasso@clarkhill.com

CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300

*Attorneys for Appellee
Jenny Hodgkins*

Justin B. Cox
Texas Bar No. 24140160
jbcox@clarkhill.com

CLARK HILL PLC
3711 South MoPac Expressway, Building One,
Suite 500
Austin, Texas 78746
(214) 651-2191

## Identities of Parties and Counsel

| *Party* | *Counsel* |
|---|---|
| Edward Randolph Turnbull, IV,<br><br>*Appellant* | Gaines West<br>John "Jay" Rudinger, Jr.<br>WEST, WEBB, ALLBRITTON & GEN-TRY P.C.<br>1515 Emerald Plaza<br>College Station, Texas 77845<br><br>Judd E. Stone II<br>STONE HILTON PLLC<br>600 Congress Ave., Suite 2350<br>Austin, Texas 78701 |
| Board of Directors of the State Bar of Texas; Cindy V. Tisdale; Steve Benesh; Laura Gibson; Kennon Lily Wooten; Kade W. Browning; Elizabeth Sandoval Cantu; Luis Cavazos; Jason Charbonnet; Craig Cherry; Kelly-Ann F. Clarke; Jeff Chochran; David C. Courreges; Thomas A. Crosley; August W. Harris III; Britney E. Harrison; Noelle Hicks; Matthew J. Hill; Forrest L. Huddleston; Kristina N. Kastl; Lori M. Kern; Bill Kroger; Hisham Masri; Dwight McDonald; Rudolph K. Metayer; Lawrence Morales II; Kimberly N. Naylor; Rosalind V.O. Perez; Christopher D. Pineda; Chris Popov; Laura Pratt; Shannon Quadros; Michael J. Ritter; Audio Sciumbato; John | Patrick W. Mizell<br>VINSON & ELKINS L.L.P.<br>845 Texas Avenue, Suite 4700<br>Houston, Texas 77002<br><br>Brooke A. Noble<br>Emily S. Bamesberger<br>VINSON & ELKINS L.L.P.<br>200 West Sixth Street, Suite 2500<br>Austin, Texas 78701 |

i

| | |
|---|---|
| Sloan; G. David Smith; Paul K. Stafford; Alex J. Stelly Jr.; Nitin Sud; Carlo Taboada; Radha Thiagarajan; Dr. Martin A. Tobey; Aaron Z. Tobin; G. Michael Vasquez; Stephen J. Venzor; and Michael J. Wynne<br><br>*Appellees* | |
| Commission for Lawyer Discipline; Daniela Grosz; Daniel Martinez; Seana Willing; John S. Brannon; and Amanda Kates<br><br>*Appellees* | Michael G. Graham<br><br>(*on appeal only*)<br><br>Royce Lemoine<br><br>(*on appeal and in trial court*)<br><br>Office of the Chief Disciplinary Counsel<br>State Bar of Texas<br>P.O. Box 12487<br>Austin, Texas 78711 |
| Jenny Hodgkins<br><br>*Appellee* | Daniel J. Olds<br>Jadd F. Masso<br>CLARK HILL PLC<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202<br><br>Justin B. Cox<br>CLARK HILL PLC<br>3711 South MoPac Expressway<br>Building One, Suite 500<br>Austin, Texas 78746 |

# Table of Contents

Identities of Parties and Counsel..................................................................i

Table of Contents ...................................................................................iii

Index of Authorities.................................................................................v

Issue Presented (Restated) ........................................................................1

Statement of Facts ...................................................................................2

Summary of the Argument ......................................................................10

Argument................................................................................................11

I.   Turnbull lacks standing to bring his claims against
     Hodgkins..........................................................................................12

     A.   Turnbull lacks standing to complain about the
          alleged failure to prosecute other attorneys.........................12

     B.   Hodgkins cannot provide the relief Turnbull
          seeks in an injunction and therefore Turnbull
          cannot meet the redressability prong of standing................15

II.  Hodgkins has full sovereign immunity to both suit and
     liability. ...........................................................................................17

     A.   To the extent Turnbull has pled ultra vires claims
          against Hodgkins, those claims fail, and
          Hodgkins has retained her sovereign immunity
          from suit and liability from those claims. ...........................20

     B.   Turnbull's state constitutional claims fail, and
          Hodgkins has retained her sovereign immunity
          from suit and liability as to those claims. ...........................22

          i.   Turnbull's claim under article I, section 19
               of the Texas Constitution fails...................................22

ii.  Turnbull's claim under article I, section 3 of
the Texas Constitution fails............................................24

iii.  Turnbull's claim under article I, section 13
of the Texas Constitution fails.....................................26

III.  Hodgkins has full immunity from both suit and liability
pursuant to the Texas Rules of Disciplinary Procedure. .............27

IV.  The trial court correctly dismissed Turnbull's claims
against Hodgkins with prejudice, and Turnbull should not
be afforded an opportunity to replead. .........................................31

Prayer .................................................................................................33

Certificate Of Compliance ...................................................................35

Certificate of Service ..........................................................................35

iv

# Index of Authorities

**Page(s)**

**Cases**

*In re Abbott,*
601 S.W.3d 802 (Tex. 2020) ........................................................ 12, 13

*Bland Indep. Sch. Dist. v. Blue,*
34 S.W.3d 547 (Tex. 2000) ................................................................ 17

*Burch v. State Bar of Tex.,*
No. 07-19-00224-CV, 2020 WL 830982 (Tex. App.—
Amarillo 2020, pet. denied) (mem. op.) ............................................ 29

*In re Caballero,*
272 S.W.3d 595 (Tex. 2008) .............................................................. 29

*CenterPoint Energy Res. Corp. v. Ramirez,*
640 S.W.3d 205 (Tex. 2022) .............................................................. 26

*City of El Paso v. Heinrich,*
284 S.W.3d 366 (Tex. 2009) ........................................................ 18, 20

*City of Georgetown v. Lower Colorado River Auth.,*
413 S.W.3d 803 (Tex. App.—Austin 2013, pet. dism'd) ..................... 11

*City of Killeen v. Cheney,*
No. 03-18-00239-CV, 2018 WL 5832088 (Tex. App.—
Austin 2018, no pet.) (mem. op.) ...................................................... 32

*Crampton v. Farris,*
596 S.W.3d 267 (Tex. App.—Houston [1st Dist.] 2019, no
pet.) ............................................................................................. 18, 30

*Doe v. Bd. of Directors of State Bar of Tex.,*
No. 03-15-00007-CV, 2015 WL 6656216 (Tex. App.—
Austin 2015, pet. denied) ............................................................. 18, 23

*Engquist v. Oregon Dep't of Agr.*,
553 U.S. 591 (2008) ............................................................... 25

*Gatesco Q.M., Ltd. v. City of Houston*,
333 S.W.3d 338 (Tex. App.—Houston [14th Dist.] 2010, no
pet.) ........................................................................................ 20

*Heckman v. Williamson Cty.*,
369 S.W.3d 137 (Tex. 2012) ................................................. 12

*Klumb v. Houston Municipal Employees Pension Sys.*,
458 S.W.3d 1 (Tex. 2015) ............................................... 20, 22

*Lefebure v. D'Aquilla*,
15 F.4th 650 (5th Cir. 2021), cert. denied, 212 L. Ed. 791,
142 S. Ct. 2732 (2022) ......................................................... 12

*Linda R.S. v. Richard D.*,
410 U.S. 614 (1973) ............................................................... 13

*Little v. KPMG LLP*,
575 F.3d 533 (5th Cir. 2009) ............................................... 12

*Mann v. Denton Cty.*,
No. 02-16-00030-CV, 2017 WL 526309 (Tex. App.—Fort
Worth 2017, pet. denied) (mem. op.) ................................... 11

*Martinez v. State Bar of Tex.*,
797 F. App'x 167 (5th Cir. 2020) (unpublished) .......... 13, 14, 24

*Moreno v. Sterling Drug, Inc.*,
787 S.W.2d 348 (Tex. 1990) ................................................. 27

*Rountree v. Dyson*,
892 F.3d 681 (5th Cir. 2018) ............................................... 25

*In re State Bar of Tex.*,
113 S.W.3d 730 (Tex. 2003) ............................................ 27, 28

*State Bar of Tex. v. Wilson*,
No. 03-18-00649-CV, 2019 WL 1272616 (Tex. App.—
Austin 2019, pet. denied) (mem. op.)................................................18

*Stefanoff v. Hays Cnty., Tex.*,
154 F.3d 523 (5th Cir. 1998).............................................................25

*Tex. A&M Univ. Sys. v. Koseoglu*,
233 S.W.3d 835 (Tex. 2007) .............................................................32

*Tex. Assoc. of Bus. v. Tex. Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993) .............................................................12

*Tex. Dep't of Ins., Division of Worker's Comp. v. Brumfield*,
No. 04-15-00473-CV, 2016 WL 2936380 (Tex. App.—San
Antonio 2016, no pet.) (mem. op.)....................................................31

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) .............................................................17

*Tex. Dep't of Protective & Regulatory Servs. v. Sherry*,
46 S.W.3d 857 (Tex. 2001) ...............................................................31

*Tex. Dep't of Transp. v. Sefzik*,
355 S.W.3d 618 (Tex. 2011) .............................................................31

*Trinity River Auth. v. URS Consultants, Inc.-Tex.*,
889 S.W.2d 259 (Tex. 1994) .............................................................26

*Turnbull v. Bd. of Directors of State Bar of Tex.*,
No. 24-50260, 2024 WL 4903274 (5th Cir. 2024) ..........................8, 14

*Univ. of Tex. Med. Branch at Galveston v. Qi*,
402 S.W.3d 374 (Tex. App.—Houston [14th Dist.] 2013, no
pet.) ....................................................................................................19

*Univ. of Tex. Med. School at Houston v. Than*,
901 S.W.2d 926 (Tex. 1995) .......................................................22, 23

*Washington v. Comm'n for Lawyer Discipline,*
No. 03-15-00083-CV, 2017 WL 1046260 (Tex. App.—
Austin Mar. 17, 2017, pet. denied) (mem. op.) ................................... 29

*Webster v. Comm'n for Lawyer Discipline,*
__ S.W.3d __, 2024 WL 5249494 (Tex. Dec. 31, 2024) ........................ 27

*Wichita Falls State Hosp. v. Taylor,*
106 S.W.3d 692 (Tex. 2003) .............................................................. 19

*Wilker v. Peniche,*
No. 01-20-00596-CV, 2021 WL 4995513 (Tex. App.—
Houston [1st Dist.] 2021, no pet.) (mem. op.) .................................... 15

*Zawislak v. Moskow,*
No. 03-18-00280-CV, 2019 WL 2202209 (Tex. App.—
Austin 2019, no pet.) (mem. op.) ....................................................... 33

## Statutes

TEX. GOV'T CODE § 81 (State Bar Act) .............................................. *passim*

TEX. GOV'T CODE § 81, Subchapter E-1 .................................................. 3

TEX. GOV'T CODE § 81.011(a) .............................................................. 19

TEX. GOV'T CODE § 81.11(c) ................................................................ 28

TEX. GOV'T CODE § 81.072(b)(2) ......................................................... 23

TEX. GOV'T CODE § 81.073 ..................................................................... 4

TEX. GOV'T CODE § 81.073(b) ........................................................... 2, 5

TEX. GOV'T CODE § 311.034 ................................................................ 18

TEX. GOV'T CODE T. 2, Subt. G App A-1 ............................................. 28

TEX. GOV'T CODE Title 2 ..................................................................... 28

## Rules

BODA IPR 1.01(d) ......................................................................... 3, 6, 7

BODA IPR 1.04.................................................................. 4, 6

BODA IPR 1.10(a) ........................................................... 3, 6, 7

BODA IPR 2.10(A)........................................................ 24, 26

BODA IPR 3.02................................................................. 4, 5

TEX. R. APP. P. 9.4(i) ..........................................................35

TEX. R. APP. P. 33.1(a)........................................................31

TEX. R. DISC. P. R. 1.02 .....................................................29

TEX. R. DISC. P. R. 7.11 ..................................................5, 21

TEX. R. DISC. P. R. 17.09.............................................. *passim*

TEX. R. DISC. P. pt. VII ....................................................2, 19

TEX. R. DISC. P. R. 2.10 ....................................................... 4

TEX. R. DISC. P. R. 2.10(A) ...............................................2, 4

TEX. R. DISC. P. R. 2.12-.14, .16 ................................. 3, 4, 5, 6

TEX. R. DISC. P. R. 7.05 ....................................................... 3

TEX. R. DISC. P. R. 7.08(A) .................................................. 3

TEX. R. DISC. P. R. 7.08(C) ...............................................2, 4

**Constitutional Provisions**

TEX. CONST..........................................................................28

TEX. CONST. art. I, sect. 13 ................................................26

TEX. CONST. art. II, § 1 .....................................................28

U.S. CONST. art. III........................................................ 12, 13

## <u>Issue Presented (Restated)</u>

Did the trial court err when it granted Hodgkins's plea to the jurisdiction?

## Statement of Facts

The Board of Disciplinary Appeals (BODA) is a statewide independent adjudicatory body of twelve attorneys appointed by the Supreme Court of Texas to hear certain attorney discipline cases and to promote consistency in interpretation and application of the Texas Disciplinary Rules of Professional Conduct ("TDRPC") and the Texas Rules of Disciplinary Procedure ("TRDP"). TEX. R. DISCIPLINARY P. Part VII. The Board is governed by the TRDP (promulgated by the Texas Supreme Court), the State Bar Act (Texas Government Code Chapter 81) (enacted by the Legislature), and the Board of Disciplinary Appeals Internal Procedural Rules ("BODA IPR")[1] (promulgated by the Texas Supreme Court). Among other things, and as relevant in this matter, BODA exercises appellate jurisdiction over the initial classification of grievances against Texas attorneys. TEX. R. DISCIPLINARY P. R. 2.10(A); 7.08(C); TEX. GOV'T CODE § 81.073(b).

### i. The Role of the Executive Director

Appellee Jenny Hodgkins is the Executive Director and General Counsel of BODA. She is not a member of the Board appointed by the

---

[1] The BODA IPR are located in the clerk's record at CR 1455-67.

Texas Supreme Court and does not cast a vote on matters adjudicated by the Board. *See* TEX. R. DISCIPLINARY P. R. 7.05. The Executive Director "assume[s] all duties normally performed by the clerk of a court." BODA IPR 1.01(d). Acting as BODA clerk, one of the Executive Director's duties is to notify parties of all decisions. BODA IPR 1.10(a). Importantly, the BODA Executive Director is not a part of the Office of the Chief Disciplinary Counsel ("CDC"), the Commission for Lawyer Discipline, or the State Bar Board of Directors. CR 1422. Specifically, the Executive Director has no involvement in, or even knowledge of, the conduct of an investigation of a grievance that has been classified as a complaint. *See* TEX. R. DISCIPLINARY P. R. 2.12-.14, .16. In addition, the Executive Director has no power to amend either the TRDP or the BODA Internal Procedural Rules. *See* TEX. R. DISCIPLINARY P. R. 7.08(A), TEX. GOV'T CODE Chapter 81, Subchapter E-1.

### ii. Classification Appeals

Once a grievance is filed in Texas, CDC must determine whether to classify the grievance as a "complaint" (a writing that alleges conduct that, if true, constitutes professional misconduct) or an "inquiry" (a writing that alleges conduct that, even if true, does not constitute professional

3

misconduct cognizable under the TDRPC). TEX. RULES DISCIPLINARY P. R. 2.10; TEX. GOV'T CODE § 81.073. During this initial screening, if CDC determines that the allegations do not constitute professional misconduct, the writing is dismissed as an inquiry. TEX. RULES DISCIPLINARY P. R. 2.10. A complainant has the right to appeal the dismissal of a grievance as an inquiry to BODA. TEX. RULES DISCIPLINARY P. R. 2.10(A); 7.08(C). When a notice of appeal from a classification decision has been filed, CDC must forward to BODA a copy of the grievance, and BODA may only consider documents that were filed with CDC prior to the classification decision. IPR 3.02. Three-member panels of the Board are assigned to hear weekly dockets of classification appeals. BODA IPR 1.04. If the Board members disagree with CDC's initial classification of a grievance as an inquiry (i.e., BODA determines that the grievance describes conduct that, if true, constitutes professional misconduct), they "reverse" the classification and the dismissal of the grievance; the grievance is then reclassified as a complaint, and the matter is returned to CDC for investigation and to determine just cause. TEX. RULES DISCIPLINARY P. R. 2.10, 2.12, 7.08(C). Neither the Board, nor the Executive Director, have any knowledge of, or participation in, the process that follows the reversal of

4

an inquiry classification. *See* TEX. R. DISCIPLINARY P. R. 2.12-.14, .16. If the Board "affirms" CDC's classification of a grievance as an inquiry (i.e., they determine that it does not state a claim for professional misconduct), the complainant "may, within twenty days, amend the Grievance one time only by providing new or additional evidence."[2] Disposition letters contain standard language; for every classification decision affirmed by BODA, the letter includes the phrase "[t]he Board's decision is final" to reflect that, pursuant to Rule 7.11 of the TRDP, "[d]eterminations by the Board of Disciplinary Appeals that a statement constitutes an Inquiry . . . are conclusive, and may not be appealed to the Supreme Court." CR 1424. This process happens on a routine basis, as BODA adjudicates over 1,000 classification appeals every year. CR 1424.

---

[2] The TRDP and the State Bar Act contain slightly different provisions regarding the amendment of a grievance. While the TRDP provide that an amendment can be made *after* an appeal to BODA, the State Bar Act's language in effect at the time stated that a complainant may opt to submit an amended grievance immediately after CDC's initial classification decision without requiring an appeal to BODA as a prerequisite. *See* TEX. GOV'T CODE § 81.073(b) (2022) ("A complainant may appeal the classification of a grievance as an inquiry to the Board of Disciplinary Appeals, or the complainant may amend and resubmit the grievance. An attorney against whom a grievance is filed may not appeal the classification of the grievance."). BODA will consider and decide a classification appeal whether it is from an initial CDC classification or from CDC classification of an amended grievance. *See* BODA IPR 3.02 (requiring transmittal of the amended and original grievance in classification appeals concerning amended grievances).

The Executive Director's role in the classification appeal process is administrative. She oversees the filing and docketing of appeals, the assignment of classification appeals to three-member panels, facilitates panel conferences and deliberations, and she is responsible for communicating the disposition to the parties. BODA IPR 1.04, 1.10(a).

### iii. The Turnbull Grievances

Turnbull submitted grievances to CDC against Lovett and Trevino, which CDC dismissed. CR 18. Turnbull then appealed the dismissal. CR 18. Though CDC classified Turnbull's initial grievances as inquiries and dismissed them, the Board reversed these determinations and referred the matters back to CDC for investigation. CR 18. Hodgkins communicated these dispositions pursuant to her routine duties as the BODA Clerk. BODA IPR 1.01(d); 1.10(a); CR 18. Neither Hodgkins nor any member of the Board had any involvement in or knowledge of the ensuing investigation by CDC and subsequent proceedings that form the basis of much of Turnbull's Original Petition—indeed, investigating grievances classified as complaints, making just cause determinations, and all proceedings involving complaints are entirely outside the purview of BODA and its Executive Director. *See* TEX. R. DISCIPLINARY P. R. 2.12-.14, .16.

6

In 2022, the Board received notices of appeal for two subsequent grievances filed by Turnbull against Lovett and Trevino. CR 22. CDC had again classified these grievances as inquiries, and Turnbull again appealed to BODA. CR 22. This time, the BODA panel affirmed CDC's initial classification of the grievances. CR 22. Defendant Hodgkins again communicated the result to the parties pursuant to her official duties as the BODA Clerk. BODA IPR 1.01(d); 1.10(a); CR 22. The disposition letter contained the standard language for affirming classification decisions. CR 1443-44.

Turnbull's counsel (who also represented Turnbull in the classification appeals before BODA) sent a letter to Defendant Hodgkins on July 28, 2022, predicated on his incorrect belief that the disposition of the second set of appeals was somehow dispositive of his right to amend the grievances filed against Lovett and Trevino, and urging the Board to reconsider. CR 1446-47. Defendant Hodgkins responded to this letter to clarify that the standard language regarding finality only referred to the fact that a complainant may not file an appeal with the Texas Supreme Court, and also clarifying that the Board's disposition had no impact on

7

whether a complainant could, or could not, file amended grievances. CR 1449-50. Specifically, the letter stated:

> In deciding classification appeals, the Board makes no determination as to whether a grievance may be amended. The Board's decision regarding classification is based on the record as forwarded by the CDC, and the finality of that decision has no bearing on whether a complainant may amend the grievance to present additional information and documentation. In fact, when a grievance is amended and resubmitted, the CDC assigns the amended grievance a new case number, and any appeals are then assigned a new case number by BODA.

CR 1449. The letter further referred Turnbull's counsel to CDC for questions regarding his ability to submit an amended grievance. CR 1450. Turnbull's counsel then responded again to Hodgkins, acknowledging Hodgkins's response and indicating that he intended to file amended grievances. CR 1452-53.

Turnbull then filed a lawsuit against Hodgkins, the CDC, and various State Bar of Texas officials, among others, in federal court in Austin, Texas, which the district court dismissed for lack of standing and which the United States Court of Appeals for the Fifth Circuit affirmed on appeal. *See Turnbull v. Bd. of Directors of State Bar of Tex.*, No. 24-50260, 2024 WL 4903274 (5th Cir. 2024). During the pendency of that

8

proceeding, Turnbull filed this lawsuit in state court. Hodgkins filed a plea to the jurisdiction (CR 1421-68), which the trial court granted in full. CR 1522. This appeal followed. CR 1523-37.

## Summary of the Argument

The trial court did not err in granting Hodgkins's plea to the jurisdiction.

Turnbull lacks standing to bring his claims against Hodgkins because he cannot complain about a prosecuting authority's failure to prosecute other individuals. Turnbull also lacks standing because Hodgkins cannot provide him redressability.

Hodgkins also has full sovereign immunity from both suit and liability. Turnbull has failed to allege valid ultra vires or constitutional claims against Hodgkins, and therefore she has retained full sovereign immunity.

Hodgkins also has absolute immunity pursuant to Texas Rule of Disciplinary Procedure 17.09.

The trial court correctly dismissed all of Turnbull's claims with prejudice without an opportunity to replead because Turnbull's pleadings affirmatively negated jurisdiction.

## Argument

**The trial court did not err in granting Hodgkins's plea to the jurisdiction.**

"A plea to the jurisdiction is a dilatory plea that challenges the trial court's authority to determine the subject matter of a specific cause of action." *City of Georgetown v. Lower Colorado River Auth.*, 413 S.W.3d 803, 806 (Tex. App.—Austin 2013, pet. dism'd). Whether a trial court has subject-matter jurisdiction is a question of law that is reviewed de novo. *Id.*

When the trial court grants a plea to the jurisdiction and does not state the basis of its ruling, an appellate court may affirm on any basis preserved in the record. *Mann v. Denton Cty.*, No. 02-16-00030-CV, 2017 WL 526309, at *6 (Tex. App.—Fort Worth 2017, pet. denied) (mem. op.). "When the trial court does not specify the basis of its ruling, the appealing party must show that the trial court erred regardless of which ground asserted in the motion the trial court relied on." *Id.* "An appellate court must affirm the trial court's judgment if any one of the movant's theories has merit." *Id.* "When an appellant fails to attack one of the possible grounds on which a judgment was granted, the judgment must be affirmed." *Id.*

11

## I.    Turnbull lacks standing to bring his claims against Hodgkins.

Standing is a component of subject matter jurisdiction and is properly raised in a plea to the jurisdiction. *Tex. Assoc. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "Texas standing requirements parallel the federal test for Article III standing[.]" *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020).

For standing, there must be: (1) an injury that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009); *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154 (Tex. 2012).

### A.    Turnbull lacks standing to complain about the alleged failure to prosecute other attorneys.

Turnbull lacks standing to bring claims regarding a state bar authority's decision to prosecute or not prosecute an alleged perpetrator under both the causation and redressability prongs of standing. "Supreme Court precedent makes clear that a citizen does not have standing to challenge the policies of the prosecuting authority unless she herself is prosecuted or threatened with prosecution." *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021), cert. denied, 212 L. Ed. 791, 142 S. Ct.

12

2732 (2022). Indeed, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Applying *Linda R.S.*, the Fifth Circuit has held that a person has no standing to pursue complaints about the prosecution of State Bar grievances against individuals other than himself. *Martinez v. State Bar of Tex.*, 797 F. App'x 167, 168 (5th Cir. 2020) (unpublished). In *Martinez*, a prisoner who filed a bar grievance against an attorney did not have "a cognizable interest in the procedures used to consider his bar grievance or in the ultimate outcome of the proceedings." *Id.* The court relied on *Linda R.S.* in holding that "a private citizen generally does not have a cognizable interest in the decision to prosecute a third party[.]" *Id.*

Not only does U.S. Supreme Court and Fifth Circuit precedent[3] make clear Turnbull lacks standing to complain about grievance procedures that result in nonprosecution of other attorneys, but the Fifth Circuit recently affirmed a district court's dismissal of a lawsuit **brought by Turnbull against largely the same parties he sued in this case**

---

[3] Again, the "Texas standing requirements parallel the federal test for Article III standing[.]" *Abbott*, 601 S.W.3d at 807.

13

**based on virtually the same facts for lack of standing**. *Turnbull v. Bd. of Directors of State Bar of Tex.*, No. 24-50260, 2024 WL 4903274 (5th Cir. 2024). In the federal court lawsuit, Turnbull brought (1) a federal equal protection claim because he alleged his grievances were treated differently than others; (2) a federal free speech and expression claim alleging the defendants' actions caused him to suffer an injury that would chill the speech of a person of ordinary firmness from continuing to engage in filing grievances under the Texas grievance process; (3) a state law due process claim; and (4) a state law equal protection claim. *Id.* at *1. The district court dismissed each of the federal law claims for lack of standing and dismissed the state law claims for lack of supplemental jurisdiction. *Id.* The Fifth Circuit affirmed the district court's dismissal of the federal law claims for lack of standing, holding that Turnbull "has presented no compelling reason why *Martinez* should not apply here[.]" *Id.*

Turnbull's claims in this case likewise fail for the same reasons. Turnbull's claims all revolve around Defendants' failure to prosecute his grievances against two other attorneys—Lovett and Trevino. In his Original Petition, Turnbull appears to argue that the letter communicating BODA's reversal of the dismissal of his initial grievances, a decision in

14

his favor, somehow confers standing because it indicated that CDC would communicate with the parties regarding additional steps in the disciplinary process. But no cognizable legal interest is created in prosecutorial process merely because of an assurance of future communication that can only be provided by another party. And although Turnbull tries to recharacterize his claims in his brief, *Appellant's Br.* at 10, a trial court must decide a "plea by reviewing the real substance of the pleadings (rather than their characterization or form)[.]" *Wilker v. Peniche*, No. 01-20-00596-CV, 2021 WL 4995513, at \*2 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (mem. op.).

**B.    Hodgkins cannot provide the relief Turnbull seeks in an injunction and therefore Turnbull cannot meet the redressability prong of standing.**

In his Original Petition, Turnbull sought a permanent injunction against Hodgkins effectively prohibiting her from continuing to engage in allegedly ultra vires actions, without legal authority, including depriving Turnbull of his procedural due process rights by denying Turnbull of the right to amend his second set of grievances or have his amended grievances be considered. In his brief, Turnbull asserts that Hodgkins "informed Mr. Turnbull that BODA affirmed the dismissal of his

15

grievances, told Mr. Turnbull that BODA's decision was final and denied Mr. Turnbull his right to amend his grievances, in violation of the TRDP." *Appellant's Br.* at 12. But as outlined above, Hodgkins lacks authority to grant or deny Turnbull the ability to amend any grievances, have any grievances be considered by CDC, or decide any appeals before BODA. Again, Hodgkins's role is purely ministerial—informing a complainant of BODA's decision. Hodgkins has no authority to act on a grievance—she provides purely administrative support to the members of BODA who opine on the substantive merits of an appeal of a grievance classification.

Hodgkins's letter to Turnbull's counsel simply stated that "the Board affirms the dismissal of your grievance. This decision concludes your appeal, and the Board has closed its file. The Board's decision is final." CR 1444. Turnbull's counsel then sent a letter to Hodgkins stating that it was improper to consider the decision "final" and that Turnbull had a right to amend his grievances. CR 1446-47. Hodgkins then sent another letter to Turnbull's counsel clarifying her statements in her previous letter that she meant the appeals were final and those decisions could not be appealed to the Texas Supreme Court: "When the Board affirms a dismissal based on review of the grievance and supporting

16

documents that were before the CDC, the decision as to that appeal is final . . . . As stated in Texas Rule of Disciplinary Procedure 7.11, "[d]eterminations by the Board of Disciplinary Appeals that a statement constitutes an Inquiry . . . are conclusive, and may not be appealed to the Supreme Court." CR 1449 (internal quotation marks omitted). Hodgkins even clarified that complainants often may amend grievances after BODA finally decides their appeal: "You are correct that the Texas Rules of Disciplinary Procedure provide an opportunity for complainants to amend grievances under certain circumstances . . . . The Board's decision regarding classification is based on the record as forwarded by the CDC, and the finality of that decision has no bearing on whether a complainant may amend the grievance to present additional information and documentation." CR 1449. Therefore, Turnbull also fails to meet the redressability prong of standing, and therefore the trial court was correct in granting Hodgkins's plea to the jurisdiction for that reason, too.

## II. Hodgkins has full sovereign immunity to both suit and liability.

Sovereign immunity deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Bland*

17

*Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Under this doctrine, the State of Texas and its subdivisions are immune from suit absent a clear and express waiver of immunity. *See* TEX. GOV'T CODE § 311.034; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369-70 (Tex. 2009). Immunity from suit arising out of a grievance proceeding is properly raised in a plea to the jurisdiction. *Crampton v. Farris*, 596 S.W.3d 267, 276 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

Hodgkins is immune from both suit and liability in her official capacity[4] as Executive Director and General Counsel of BODA because Turnbull has failed to plead facts affirmatively demonstrating that Hodgkins's immunity is waived.

"The State Bar is a governmental agency that is entitled to the protection afforded by sovereign immunity." *State Bar of Tex. v. Wilson*, No. 03-18-00649-CV, 2019 WL 1272616, at *2 (Tex. App.—Austin 2019, pet. denied) (mem. op.); *see also Doe v. Bd. of Directors of State Bar of Tex.*,

---

[4] Hodgkins was sued in both her official capacity and in her individual capacity. CR 7. It is unclear why Hodgkins was sued in her individual capacity. In her plea to the jurisdiction, Hodgkins asked the trial court to construe all of Turnbull's claims against her as official-capacity claims, rather than individual-capacity claims. CR 1437 (citing *Heinrich*, 284 S.W.3d at 377 (considering nature of liability sought to be imposed in determining whether public official was being sued in an individual or official capacity)). The trial court did so and dismissed all claims against Hodgkins. Turnbull does not complain about this on appeal.

18

No. 03-15-00007-CV, 2015 WL 6656216, at \*2 (Tex. App.—Austin 2015, pet. denied) ("citing TEX. GOV'T CODE 81.011(a) ("The state bar is a public corporation and an administrative agency of the judicial department of government."). The Board of Disciplinary Appeals is a judicial agency of the State of Texas operating under the authority and rules of the State Bar Act and the Texas Supreme Court. *See* TEX. R. DISCIPLINARY P., Part VII.

"In determining whether sovereign immunity has been waived, courts look to the real substance of a plaintiff's cause of action, not the plaintiff's characterization of [their] claims." *Univ. of Tex. Med. Branch at Galveston v. Qi*, 402 S.W.3d 374, 389 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In his brief, Turnbull asserts that the Legislature waived Appellees' sovereign immunity—including that of Hodgkins—in the State Bar Act. *Appellant's Br.* at 17-19. But the Texas Supreme Court has only found waiver of sovereign immunity absent "magic words" "on rare occasions." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003) (stating that a statute must waive immunity "beyond doubt" and that ambiguities regarding waiver are resolved in favor of retaining immunity). Of course sovereign immunity "does not preclude prospective

19

equitable remedies in official-capacity suits against government actors who allegedly have violated statutory or constitutional provisions." *Gatesco Q.M., Ltd. v. City of Houston*, 333 S.W.3d 338, 348 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-73 (Tex. 2009). But Turnbull has failed to allege any cognizable violation of any statutory or constitutional provision on the part of Hodgkins.

## A. To the extent Turnbull has pled ultra vires claims against Hodgkins, those claims fail, and Hodgkins has retained her sovereign immunity from suit and liability from those claims.

"[T]he *ultra vires* doctrine applies when a government official's conduct is without legal or statutory authority." *Klumb v. Houston Municipal Employees Pension Sys.*, 458 S.W.3d 1, 9 (Tex. 2015) (internal quotation marks omitted). "To trigger the *ultra vires* exception to sovereign immunity, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* (internal quotation marks omitted).

Here, as outlined above, the real substance of Turnbull's suit against Hodgkins is that he disagrees with the final result of the attorney

disciplinary process as it relates to grievances Turnbull filed against other attorneys. Thus, the underlying nature of Turnbull's cause of action against Hodgkins is a suit for judicial review of the final decision not to discipline an attorney and BODA's classifying grievances as inquiries. *See* TEX. R. DISCIPLINARY P. R. 7.11 (stating that "[d]eterminations by the Board of Disciplinary Appeals that a statement constitutes an Inquiry . . . are conclusive" and may not be appealed). That allegation does not constitute a waiver of sovereign immunity and, in fact, affirmatively demonstrates that Plaintiff cannot plead a waiver of immunity as to Hodgkins.

On appeal, Turnbull tries to re-characterize his ultra vires claim against Hodgkins: "Ms. Hodgkins informed Mr. Turnbull that BODA affirmed the dismissal of his grievances, told Mr. Turnbull that BODA's decision was final and denied Mr. Turnbull his right to amend his grievances, in violation of the TRDP[.]" *Appellant's Br.* at 21. But as outlined above, all Hodgkins did was inform Turnbull that BODA—not Hodgkins—affirmed the dismissal of the grievances. Hodgkins did not deny Turnbull the right to file amended grievances. Hodgkins even sent Turnbull's counsel a letter clarifying this point. As such, Turnbull cannot show that Hodgkins acted outside her statutory authority, and Hodgkins has

21

retained her sovereign immunity from suit and liability from Turnbull's ultra vires claims.

**B.  Turnbull's state constitutional claims fail, and Hodgkins has retained her sovereign immunity from suit and liability as to those claims.**

"While it is true that sovereign immunity does not bar a suit to vindicate constitutional rights, immunity from suit is not waived if the constitutional claims are facially invalid." *Klumb*, 458 S.W.3d at 13 (internal citations omitted). Here, all of Turnbull's constitutional claims against Hodgkins are facially invalid. In his brief, Turnbull fails to explain how his constitutional claims against Hodgkins are facially valid. *Appellant's Br.* at 19-20. Nevertheless, Hodgkins explains in detail below why they are invalid.

**i.  Turnbull's claim under article I, section 19 of the Texas Constitution fails.**

Turnbull's due-course-of-law claim fails as a matter of law. When determining whether a governmental action violates the due course of law guarantee, the courts engage in a two-step inquiry. *Univ. of Tex. Med. School at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). A court first determines if the plaintiff has an enumerated interest that is entitled to protection; if so, the court then determines whether the governmental

22

agency followed due course of law in depriving the plaintiff of that interest. *Id.*

Turnbull's allegations under this claim appear to center on his demand for the reasoning behind CDC's referral of his grievances to the summary disposition panel and not an investigatory hearing. But he does not have an enumerated interest in this information. Indeed, Texas courts have rejected the notion that section 81.072(b)(2) of the State Bar Act somehow requires CDC to disclose its reasoning for electing to refer a grievance to a summary disposition panel. *See* TEX. GOV'T CODE § 81.072(b)(2); *see, e.g.*, *Doe v. Bd. of Directors of State Bar of Tex.*, 2015 WL 6656216, at *4 (Tex. App.—Austin Oct. 27, 2015, pet. denied). This claim fails as a matter of law.

Though not explicitly asserted under his due-course-of-law claim, Turnbull's Original Petition appears to assert a due process claim against Hodgkins, alleging that, along with Defendant Martinez (CDC classification attorney), she deprived Turnbull of his procedural due process rights by denying Turnbull the right to amend his second set of grievances or have his amended grievances be considered. As noted throughout, a complainant does not have "a cognizable interest in the procedures used to

consider his bar grievance or in the ultimate outcome of the proceedings." *Martinez*, 797 F. App'x at 168. Without a cognizable interest, Turnbull cannot assert a due process violation. Nevertheless, Turnbull focuses not on the rules' lack of a rehearing or appeal process for classification appeals decided by BODA, but instead on his disagreement with CDC's determination that the subsequent grievances fell within the scope of his previously submitted grievances and thus did not qualify for further amendment under Rule 2.10(A). Even if a claim could be asserted on these facts, Hodgkins was in no way involved in this determination, and explicitly informed Turnbull's counsel that the Board's disposition had no effect on whether he could (or could not) amend his grievances. CR 1449-50. Thus, Turnbull's due course of law claims fail as a matter of law.

### ii. Turnbull's claim under article I, section 3 of the Texas Constitution fails.

Turnbull's equal protection claim also fails as a matter of law. While this claim largely focuses on how his grievances were prosecuted as compared to others within the attorney discipline system, none of these allegations assert that others were permitted to file amended grievances, but he was not. And as to the Board's decisions on Turnbull's grievances, the Board reversed the classification of the first set of grievances and

affirmed the classification of the second set of grievances—hardly a basis for comparison as to cases involving other parties.

To establish an equal protection claim, a plaintiff must show that two or more classifications of similarly situated persons were treated differently. *See Stefanoff v. Hays Cnty., Tex.*, 154 F.3d 523, 525-26 (5th Cir. 1998). However, Turnbull cannot bring an "Equal Protection claim on the ground that one person received a discretionary punishment and another did not, 'even if for no discernable or articulable reason.'" *Rountree v. Dyson*, 892 F.3d 681, 684 (5th Cir. 2018) (quoting *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 604 (2008)). This is because "[t]here are some forms of state action . . . which by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments." *Id.* In those cases, "the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted." *Id.* Nowhere does Turnbull allege any differential treatment by Hodgkins as compared to other similarly situated complainants, either as to the processing of Turnbull's classification appeals or as to amendment of grievances

pursuant to Rule 2.10(A). This claim fails as a matter of law, and thus Turnbull has failed to plead a valid waiver of sovereign immunity under this constitutional provision.

### iii.   Turnbull's claim under article I, section 13 of the Texas Constitution fails.

Turnbull's open courts claim also fails. The open courts provision of Section 13 "includes at least three separate constitutional guarantees: 1) courts must actually be operating and available; 2) the Legislature cannot impede access to the courts through unreasonable financial barriers, and 3) meaningful remedies must be afforded." *CenterPoint Energy Res. Corp. v. Ramirez*, 640 S.W.3d 205, 220 (Tex. 2022). The third guarantee precludes the Legislature from "abrogat[ing] the right to assert a well-established common law cause of action unless the reason for [the Legislature's] action outweighs the litigants' constitutional right of redress." *Id.* Stated differently, an open-courts challenge must show that (1) "the litigant has a cognizable common law cause of action that is being restricted," and (2) "the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Trinity River Auth. v. URS Consultants, Inc.-Tex.*, 889 S.W.2d 259, 262 (Tex. 1994). But a constitutional attack that is not premised upon restriction of a common-

26

law cause of action necessarily fails the first prong of the open courts test. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 357 (Tex. 1990).

Here, the grievance procedures in Texas are not premised on a common law right, but on the State Bar Act (TEX. GOV'T CODE Chapter 81), the TRDP, and as related to BODA, the BODA IPR. None of these provisions are rooted in the common law. Moreover, Hodgkins explicitly clarified in her correspondence with Turnbull's counsel that the Board's disposition of the second set of Turnbull appeals had no bearing on whether such grievances could be amended. Thus, even if an open courts claim could be asserted, Hodgkins had no involvement in any action regarding Turnbull's attempt to amend his grievances.

In short, Turnbull's constitutional claims against Hodgkins are facially invalid, and therefore Hodgkins has retained her sovereign immunity from suit and liability as to those claims, too.

## III. Hodgkins has full immunity from both suit and liability pursuant to the Texas Rules of Disciplinary Procedure.

The Texas Supreme Court has the exclusive power to regulate the practice of law in the State of Texas. *In re State Bar of Tex.*, 113 S.W.3d 730, 732 (Tex. 2003); *see also Webster v. Comm'n for Lawyer Discipline*, __ S.W.3d __, 2024 WL 5249494, at *6-10 (Tex. Dec. 31, 2024) (outlining

the judiciary's authority to regulate the practice of law). The Texas Supreme Court derives its power to regulate the practice of law in Texas from the State Bar Act and the Texas Constitution. *Id.* (citing TEX. GOV'T CODE § 81.11(c), TEX. CONST. art. II, § 1). Based on this authority, the Texas Supreme Court "promulgated a regulatory scheme in which the power to regulate the practice of law is delegated to BODA." *Id.* The Texas Supreme Court will not tolerate "the interference by a district court in the regulation of the legal practice." *Id.* at 735.

The Texas Rules of Disciplinary Procedure, incorporated into Title 2 of the Texas Government Code, explicitly provide for immunity from civil actions for BODA and its members:

> All members of the Commission, the Chief Disciplinary Counsel . . ., all members of Committees, ***all members of the Board of Disciplinary Appeals***, all members of the District Disability Committees, all officers and Directors of the State Bar, ***and the staff members of the aforementioned entities are immune from suit for any conduct in the course of their official duties***. The immunity is ***absolute and unqualified*** and extends to ***all actions at law or in equity***.

TEX. R. DISCIPLINARY P. R. 17.09; TEX. GOV'T CODE T. 2, Subt. G App A-1, Disc. Proc. 17.09 (emphasis added). Likewise, the Texas Rules of Disciplinary Procedure "govern the attorney-disciplinary process and are to be

28

treated as statutes." *Washington v. Comm'n for Lawyer Discipline*, No. 03-15-00083-CV, 2017 WL 1046260, at *9 (Tex. App.—Austin Mar. 17, 2017, pet. denied) (mem. op.) (citing TEX. R. DISCIPLINARY P. R. 1.02; *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008)).

Turnbull has sued Hodgkins in her official capacity for conduct taken in the course of her official duties. Therefore, pursuant to statute, this Court has no jurisdiction to hear any claim against Hodgkins that may have resulted in other attorneys not being disciplined as a result of Turnbull's grievances. *See Burch v. State Bar of Tex.*, No. 07-19-00224-CV, 2020 WL 830982, at *2 (Tex. App.—Amarillo 2020, pet. denied) (mem. op.) (holding that Texas Rule of Disciplinary Procedure 17.09 bars suit against the Board of Disciplinary Appeals for actions taken related to classification appeals).

And Texas Rule of Disciplinary Procedure 17.09 immunizes Hodgkins from suit and liability above and beyond what sovereign immunity provides to her. As one court has said, "Rule 17.09's immunity provision is similar in nature to the doctrine of absolute prosecutorial immunity recognized at common law because it provides immunity for any conduct in the course of their official duties and states that the immunity is

absolute and unqualified and extends to all actions at law or in equity." *Farris*, 596 S.W.3d at 273 (internal quotation marks and citations omitted). "In determining whether absolute immunity applies, we examine the nature of the function performed, not the identity of the actor who performed it." *Id.* "If an individual's actions are intimately associated with his job responsibilities as a prosecutor, he enjoys absolute immunity no matter if he acted maliciously, in bad faith, or with ulterior motives." *Id.* (internal quotation marks and citations omitted). Here, Turnbull purportedly complains about the substance of Hodgkins's communications to Turnbull's counsel regarding BODA's disposition of his grievances. Hodgkins's communications to Turnbull's counsel is an activity "intimately associated" with her job responsibilities as Executive Director and General Counsel of BODA, performing her role as BODA Clerk. Therefore, Hodgkins is entitled to absolute immunity under Texas Rule of Disciplinary Procedure 17.09.

On appeal, Turnbull argues that "only the Texas Legislature may grant absolute and unqualified immunity," and seemingly makes an argument that Hodgkins cannot rely on Rule 17.09's grant of immunity because Rule 17.09 itself is constitutionally infirm. *Appellant's Br.* at 23.

But although Hodgkins has asserted immunity under Rule 17.09 at every turn, Turnbull did not raise Rule 17.09's constitutionality in the trial court, and therefore Turnbull has waived any ability to make that argument on appeal. *See, e.g.*, *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) ("[A]s a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.") (citations omitted); TEX. R. APP. P. 33.1(a).

## IV. The trial court correctly dismissed Turnbull's claims against Hodgkins with prejudice, and Turnbull should not be afforded an opportunity to replead.

The trial court correctly dismissed Turnbull's claims against Hodgkins without affording him an opportunity to replead. Although Turnbull does not complain about this particular point on appeal and simply asks this Court to reverse the trial court's order, *Appellant's Br.* at 29, Hodgkins nevertheless wishes to explain why the trial court's disposition was correct out of an abundance of caution.

Generally, when a court grants a plea to the jurisdiction based on sovereign immunity, the court will allow the plaintiff to replead if the plaintiff can cure the defects in his or her pleading. *See, e.g.*, *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011); *Tex. Dep't of Ins.*,

31

*Division of Worker's Comp. v. Brumfield*, No. 04-15-00473-CV, 2016 WL 2936380, at *5-6 (Tex. App.—San Antonio 2016, no pet.) (mem. op.). However, "a pleader must be given an opportunity to amend in response to a plea to the jurisdiction *only if it is possible to cure the pleading defect.*" *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (emphasis added). If "the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to replead." *City of Killeen v. Cheney*, No. 03-18-00239-CV, 2018 WL 5832088, at *2 (Tex. App.—Austin 2018, no pet.) (mem. op.).

Here, Hodgkins, who was sued in her official capacity, is entitled to sovereign immunity. Further, as quoted above, Texas Rule of Disciplinary Procedure 17.09, codified in the Texas Government Code, affirmatively states that Hodgkins has complete immunity for claims arising out of her conduct in the course of her official duties. Clearly, notifying a complainant of the Board's decision as to their appeal falls within her official duties. Therefore, because both sovereign immunity and Texas Rule of Disciplinary Procedure 17.09 explicitly bar claims such as these against Hodgkins, the trial court correctly did not permit Turnbull the

opportunity to cure his pleadings and correctly dismissed all claims against Hodgkins with prejudice. *See Zawislak v. Moskow*, No. 03-18-00280-CV, 2019 WL 2202209, at \*3-4 (Tex. App.—Austin 2019, no pet.) (mem. op.) (holding that state statute affirmatively provided immunity to an individual).

## Prayer

For the reasons set forth above, Appellee Jenny Hodgkins requests that the Court:

1. Affirm the trial court's judgment;

2. Grant Appellee Hodgkins her costs incurred in this Court; and

3. Grant Appellee Hodgkins such other and further relief to which she may be entitled at law or in equity.

Respectfully submitted,

<u>/s/ Daniel J. Olds</u>
Daniel J. Olds
State Bar No. 24088152
dolds@clarkhill.com
Jadd F. Masso
State Bar No. 24041411
jmasso@clarkhill.com
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (facsimile)

-and-

Justin B. Cox
Texas Bar No. 24140160
jbcox@clarkhill.com
3711 South Mopac Expressway
Building One, Suite 500
Austin, Texas 78746
(214) 651-2191
(214) 659-4178 (facsimile)
*Attorneys for Appellee Jenny Hodgkins*

## Certificate Of Compliance

In accordance with Tex. R. App. P. 9.4(i), I hereby certify that this document contains 6,386 words.

/s/ *Daniel J. Olds*
Daniel J. Olds

## Certificate of Service

I hereby certify that, on January 28, 2025, this document has been served on the following by electronic service through the eFileTexas.gov electronic filing system:

Gaines West
gaines.west@westwebblaw.com
John "Jay" Rudinger, Jr.
jay.rudinger@westwebblaw.com
Judd E. Stone, II
judd@stonehilton.com

/s/ *Daniel J. Olds*
Daniel J. Olds

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96716683
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief of Appellee Jenny Hodgkins
Status as of 1/29/2025 7:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pat Mizell | | pmizell@velaw.com | 1/28/2025 10:23:29 PM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 1/28/2025 10:23:29 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 1/28/2025 10:23:29 PM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 1/28/2025 10:23:29 PM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 1/28/2025 10:23:29 PM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 1/28/2025 10:23:29 PM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 1/28/2025 10:23:29 PM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 1/28/2025 10:23:29 PM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 1/28/2025 10:23:29 PM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 1/28/2025 10:23:29 PM | SENT |
| Brooke Noble | | bnoble@velaw.com | 1/28/2025 10:23:29 PM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 1/28/2025 10:23:29 PM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 1/28/2025 10:23:29 PM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 1/28/2025 10:23:29 PM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 1/28/2025 10:23:29 PM | SENT |